UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
HSBC MORTGAGE CORPORATION (USA),

                Plaintiff,

      -against-                                      **REPORT AND**

CINDY MAN YI NG, PETER CHIN FENG SHIH,        **RECOMMENDATION**
HSBC BANK USA, NATIONAL ASSOCIATION
SUCCESSOR BY MERGER TO HSBC BANK              09 Civ. 5929 (SCR) (GAY)
USA, VALIMAR HOMEOWNERS
ASSOCIATION, JOHN DOES 1-5 and JANE
DOES 1-5, said names being fictitious, it being
the intention of Plaintiff to designate any and all
occupants, tenants, persons or corporations, if
any, having or claiming an interest in or lien upon
the premises being foreclosed herein,

                Defendants.
--------------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States Magistrate Judge:

On or about March 19, 2009, plaintiff commenced the instant mortgage foreclosure action in Westchester County Supreme Court (Index No. 09-05308). On or about June 29, 2009, defendants Cindy Man Yi Ng and Peter Chin Feng Shih removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds that this Court has federal question jurisdiction. For the reasons that follow, I respectfully recommend that Your Honor *sua sponte* remand this case to state court for lack of subject matter jurisdiction.

"The Court is required to inquire into the basis for subject matter jurisdiction even if not raised by the parties." South Point, Inc. v. Krawczyk, No. 07-CV-576A, 2008 WL 434590, at *3 (W.D.N.Y. Feb. 14, 2008). Here, defendants Ng and Shih bear the burden of demonstrating that the requirements of removal have been met. See Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) (party seeking to sustain removal bears burden of demonstrating proper removal). To that end, defendants Ng and Shih assert that the instant action is removable on the basis of federal question jurisdiction because plaintiff "is a bank and is therefore governed by federal statutes and regulations relating to the practice of lending and collecting upon debts" and defendants "have responses that stem from federal statutes and regulations which raise and embody questions of federal law." See Notice of Removal and Removal Action Under 28 U.S.C. § 1441(c) of Defendants Ng & Shih, at section II(7)-(8).

The issue of federal question jurisdiction is governed by the "well pleaded complaint rule" which provides "that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The instant action was commenced as a state law foreclosure action, essentially grounded in state law breach of contract and seeking various damages flowing therefrom. Nonetheless, defendants Ng and Shih assert that federal question jurisdiction exists here because they intend to assert defenses or counterclaims grounded in federal law. Contrary to defendants' assertions, it is well-established that neither a federal defense nor counterclaim will create removal jurisdiction. See The Holmes Group v. Vornado Air Circulation Sys., 122 S. Ct. 1889, 1893-94 (2002). In other words, "[w]here the resolution of a federal

2

law question is not essential to the plaintiff's right to relief, no removal jurisdiction exists." See United Mut. Houses v. Andujar, 230 F. Supp.2d 349, 353 (S.D.N.Y. 2002). In sum, defendants Ng and Shih have failed to establish any basis for federal subject matter jurisdiction. Because this case was improperly removed, this Court has the authority to remand the action *sua sponte* and without further notice. See Citibank N.A. v. Swiatkoski, 395 F. Supp.2d 5, 10 (E.D.N.Y. 2005) (citing cases). Accordingly, I conclude, and respectfully recommend, that this action should be remanded to state court for lack of subject matter jurisdiction.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., a party has fourteen (14) days from receipt of a copy of this Report to serve and file written objections to this Report and Recommendation, and a party may respond to another party's objections within fourteen (14) days after being served with a copy. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated:  December _____, 2009
         White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.