**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HSBC MORTGAGE CORPORATION (USA),

        **Plaintiff,**

        v.

CINDY MAN YI NG, PETER CHIN FENG SHIH,
HSBC BANK USA, NATIONAL ASSOCIATION
successor by merger to HSBC BANK USA,
VALIMAR HOMEOWNERS ASSOCIATION, "JOHN
DOE #1-5" AND JANE DOE #1-5,

        **Defendants.**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**09 Civ. 5929 (SCR)(GAY)**

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

## STEPHEN C. ROBINSON, United States District Judge:

Plaintiff commenced the instant mortgage foreclosure action in New York Supreme

Court, Westchester County in March, 2009. Subsequently, on or about June 29, 2009,

defendants Cindy Man Yi Ng and Peter Chin Feng Shih removed the action to this Court

pursuant to 28 U.S.C. §§ 1441, 1446 on the basis of federal question jurisdiction. Upon referral

to Chief Magistrate Judge George A. Yanthis, a Report and Recommendation was issued in

which he recommended that the case be remanded to state court for lack of subject matter

jurisdiction. No objections to that Report and Recommendation were made by any party. For

the following reasons, that recommendation is adopted in full.

## I.    STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable

objection has been made, a district court need only satisfy itself that "there is no clear error on

the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "[O]bjections to a Report and Recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects." *Kirk v. Burge*, No. 07 Civ. 7467, 2009 WL 438054, at *1 (S.D.N.Y. Aug. 6, 2009). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

Since none of the parties have submitted any objections to Chief Judge Yanthis's Report and Recommendation, the Court has reviewed that document for clear error and found none. Accordingly, the Court adopts the conclusion of Chief Judge Yanthis that there exists a lack of subject matter jurisdiction in this case.

## III. CONCLUSION

For the foregoing reasons, The Clerk of the Court is directed to remand this action back to st ate court, terming any outstanding motions.

*It is so ordered.*

Dated: White Plains, New York

_June 16_____, 2010

Stephen C. Robinson, U.S.D.J.

2